UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-730 SEP |
| ) | |
| STANLEY PAYNE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Brian Cannon's application for writ of habeas corpus under 28 U.S.C. § 2254.[1] Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. For the reasons discussed below, the Court shall summarily dismiss the petition as duplicative.

### **Background**

On March 6, 2014, a jury convicted Petitioner of first-degree assault on a law enforcement officer, armed criminal action, two counts of first-degree burglary, two counts of stealing a motor vehicle, theft over $500 but less than $25,000, unlawful possession of a firearm, and first-degree trespassing. *State of Missouri v. Cannon*, No. 12SL-CR05332-01 (21st Jud. Cir., St. Louis County).[2] On April 11, 2014, Petitioner was sentenced to consecutive terms of life imprisonment

---

[1] Petitioner filed his application for writ of habeas corpus on a court form for filing a petition for § 2241 relief. However, because Petitioner is "in custody pursuant to the judgment of a State court," he may obtain habeas relief only pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris,* 251 F.3d 720, 722-23 (8th Cir. 2001) (holding that even if state prisoner is challenging the manner in which his sentence is being executed, his claim for habeas relief is under § 2254, not § 2241); *see also Wayne v. Missouri Bd. of Prob. and Parole,* 83 F.3d 994, 995 (8th Cir. 1996) (analyzing challenge to parole decision under § 2254). The Court need not provide Petitioner a warning under *Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002) before such a reclassification, as he has already filed a duplicative § 2254 in this Court.

[2] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th

for first-degree assault and armed criminal action and twenty (20) years for one of the counts of first-degree burglary.  He was also given terms of imprisonment of twenty (20) years for the other first-degree burglary, seven (7) years for each count of stealing and unlawful possession of a firearm, and six (6) months for trespassing, to run concurrently.  Petitioner filed a notice of appeal.

The Missouri Court of Appeals affirmed the judgment of the Circuit Court on September 15, 2015.  *State v. Cannon*, 469 S.W.3d 887, 894 (Mo. App. 2015).  Petitioner did not file a motion to transfer to the Missouri Supreme Court.

Petitioner filed a motion to vacate, set aside, or correct the judgment or sentence on December 16, 2015.  *Cannon v. State of Missouri*, No. 16SL-CC00012 (21st Jud. Cir., St. Louis County).  The motion was filed pursuant to Missouri Supreme Court Rule 29.15.  The Circuit Court denied the motion on March 22, 2018.  Petitioner again filed a notice of appeal.

The Missouri Court of Appeals affirmed the judgment of the Circuit Court on July 9, 2019.  *Cannon v. State*, 577 S.W.3d 905 (Mo. App. 2019).  The mandate was issued on August 1, 2019.

This action was filed and signed by a person named Nakia Baker on May 26, 2020.  The record discloses neither who Nakia Baker is nor why she is authorized to sign a pleading on Petitioner's behalf.  Petitioner is required to sign his own pleading pursuant to Federal Rule of Civil Procedure 11 as well as Rule 2(c)(5) of the Rules Governing Section 2254 Proceedings for the United States District Courts, unless he shows that someone else is authorized to sign for him.

A review of the Court's docketing system reveals that on June 5, 2020, Petitioner filed another application for relief in this Court pursuant to 28 U.S.C. § 2254, making the same allegations as he makes in this case.  *See Cannon v. Payne*, 4:20-CV-742 SPM (E.D. Mo.).  On June 11, 2020, Petitioner was ordered to show cause as to why his application for writ of habeas

---

Cir. 2007) (explaining that district court may take judicial notice of public state records); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

corpus should not be dismissed as time-barred.  Petitioner filed a response to the Order to Show Cause on July 2, 2020.

**Discussion**

The Court finds that the petition here is subject to dismissal on two grounds.  First, it is duplicative of the application for habeas corpus filed by Petitioner on June 5, 2020, in this Court.  *See Cannon v. Payne,* 4:20-CV-742 SPM (E.D. Mo.). The Court in that case has already issued a show cause order as to why that case should not be dismissed on Rule 4 review as time barred.[3]

The Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."  *Schlup v. Delo*, 513 U.S. 298, 319 (1995).  However, the Court has identified a general policy that duplicative litigation in federal courts should be avoided.  *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts … though no precise rule has evolved, the general principle is to avoid duplicative litigation.").  The petition filed by Petitioner in his earlier § 2254 case in this Court encompasses all relevant matters.  Both petitions seek the same relief and involve similar claims, although the petition in *Cannon v. Payne,* 4:20-CV-742 SPM (E.D. Mo.), contains additional claims to those set forth in the instant petition.  *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions).

The Eighth Circuit has held that dismissal of duplicative litigation is appropriate to avoid the "unnecessary expenditure of scarce federal judicial resources" and "jurisprudential concerns."  *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th

---

[3] Petitioner placed the petition in *Cannon v. Payne,* 4:20-CV-742 SPM (E.D. Mo.), in the mail at Eastern Reception and Diagnostic Center ("ERDCC") on May 24, 2020.  Accordingly, Petitioner was afforded the benefit of the prison mailbox rule with regard to its filing date.

Cir. 2001). The petition in this case is clearly duplicative of the petition in *Cannon v. Payne,* 4:20-CV-742 SPM (E.D. Mo.), and is therefore subject to dismissal.

In addition, this action was not brought by Petitioner or an authorized representative. The application for habeas corpus was signed by one Nakia Baker on May 26, 2020. As noted above, the Court has no indication of who Nakia Baker or whether she is authorized to sign a pleading on behalf of Petitioner. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and directs courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."[4] Additionally, Rule 2(c)(5) of the Rules Governing Section 2254 Proceedings for the United States District Courts requires all § 2254 motions to be signed under penalty of perjury. As no motion for next friend was attached to Mr. Cannon's petition, and Ms. Baker did not indicate that she was authorized to practice law in this district, the Court must presume that she was not authorized to sign the petition on Mr. Cannon's behalf.

For the reasons discussed above, this action is subject to summary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. [1]) is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24th day of August, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[4] Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides: "The Federal Rules of Civil Procedure . . . to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."